UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMJAE A. D'ALLO,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>STEPHANIE MODRIJAN, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:24-CV-5325-TMC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: June 12, 2024 |

　　　The District Court has referred Plaintiff Timjae A. D'allo's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On April 30, 2024, Plaintiff initiated this action by filing a proposed complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1. After consideration of the claims, the Court recommends that proposed complaint be dismissed, the Application to Proceed IFP be denied, and this case be closed.

　　　**Standard for Granting Application for IFP.**  The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

REPORT AND RECOMMENDATION - 1

1   §1915(a). However, the court has broad discretion in denying an application to proceed IFP.

2   *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

3   **Plaintiff's Application to Proceed IFP.** In the Application to Proceed IFP, Plaintiff
4   indicates he is unemployed and has $ 6.43 in cash and no bank accounts. Dkt. 1. Plaintiff also
5   states his expenses are $ 900.00 per month and, when he cannot pay, he supplements his
6   expenses with food stamps and work. *Id*.

7   **Review of the Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the
8   Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt.
9   *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the
10  proposed complaint, Plaintiff complains of actions allegedly committed by Washington State
11  employees – probation officers and an assistant attorney general – related to the terms of his
12  probation. Dkt. 1-1.

13  ***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a
14  case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal
15  jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6)
16  failure to state a claim upon which relief can be granted; and (7) failure to join a party under
17  Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is
18  clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-*
19  *Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte*
20  under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant
21  cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-
22  08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous
23  complaint *sua sponte*, even in absence of an express statutory provision). A complaint is

24

REPORT AND RECOMMENDATION - 2

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, Plaintiff's proposed complaint merely states "see attached" regarding his statement of the claim. *See* Dkt. 1-1. Plaintiff then attaches 105 pages of exhibits to his proposed compliant. *See* Dkt. 1-3. In the Attachment, Plaintiff appears to include a statement of the claim wherein he alleges Defendants violated his constitutional rights under § 1983 and violated state law. *Id*. This statement is not signed nor dated. And, while documents, statements and exhibits may serve as evidence in support of Plaintiff's claims, they are not a substitute for the complaint.

Further, in the statement, Plaintiff has not plausibly described facts leading to the conclusion that Defendants violated his rights related to any probation conditions. For example, probation officers cannot impose conditions of probation or supervised release and do not have the ability to deny Plaintiff earned good time and work credits. As this court has previously found, Plaintiff has also not alleged factual support for the seemingly implausible claim that any defendant unconstitutionally "ordered" him to drive 528 miles, without stopping, even for gas or to use the bathroom, to appear in court in Benton County or provided plausible facts showing Plaintiff stated a claim related to Defendant Durrah prohibiting Plaintiff from attending church. *See D'allo v. Washington State Dep't of Corrections, et al.*, Case No. 3:24-CV-5640-BHS (Dkt. 5). Additionally, Plaintiff's alleged claims of excessive force are conclusory and insufficient to state a claim. *See* Dkt. 1-3 at 2.

REPORT AND RECOMMENDATION - 3

1    In sum, Plaintiff has not alleged facts sufficient to show he is entitled to relief in this
2    case. Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show
3    what happened, when it happened, who was involved, and how those acts violated his rights or
4    federal law or state law.[1] As such, Plaintiff has not stated a short and plain statement of a claim
5    showing he is entitled to relief.

6    **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a
7    *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend
8    prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).
9    The Court finds Plaintiff should not be afforded an opportunity to amend his proposed
10   complaint. Plaintiff filed a lawsuit alleging claims similar to the claims alleged in this case. *See*
11   *D'allo*, Case No. 3:24-CV-5640-BHS. Plaintiff was provided with notice of the deficiencies of
12   his claims. *See id*. at Dkt. 5. After Plaintiff filed an amended complaint, the case was dismissed
13   for failure to state a claim upon which relief can be granted. *See id* at Dkts.6, 8-9. While Plaintiff
14   has alleged slightly different claims and named more defendants in this action, the Honorable
15   Benjamin H. Settle put Plaintiff on notice of the deficiencies of claims again raised in this case
16   and yet Plaintiff still chose to file this lawsuit without curing those deficiencies. The Court finds
17   further leave to amend is therefore not appropriate.

18   **Conclusion.** For the above stated reasons, the Court finds Plaintiff has failed to state a
19   claim upon which relief can be granted. As Plaintiff was previously provided with notice of the
20   deficiencies related to claims raised in this case and failed to cure those deficiencies, the Court
21   finds additional leave to amend is not warranted in this case. Accordingly, the Court

---

[1] The Court notes Plaintiff has alleged Defendants' conduct gives rise to criminal conduct under state law, which fails to state cognizable claim.

REPORT AND RECOMMENDATION - 4

recommends the proposed complaint be dismissed, the Application to Proceed IFP (Dkt. 1) be denied, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 12, 2024, as noted in the caption.

Dated this 22nd day of May, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5