1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMJAE A. D'ALLO,

                    Plaintiff,

        v.

STEPHANIE MODRIJAN et al.,

                    Defendant.

Case No. 3:24-cv-05325-TMC

ORDER ON REPORT AND
RECOMMENDATION

## I.    INTRODUCTION

Pro se Plaintiff Timjae A. D'allo filed this case alleging that state employees supervising

his term of community custody with the Washington Department of Corrections violated his

constitutional rights. Dkt. 1-1. He also filed a motion to proceed *in forma pauperis* ("IFP"),

asking the Court to waive his filing fee. Dkt. 1. The IFP motion was referred to United States

Magistrate Judge David W. Christel, who issued a Report and Recommendation ("R&R")

recommending that the proposed complaint be dismissed for failure to state a claim and the IFP

application denied. Dkt. 5. Mr. D'allo filed timely objections to Judge Christel's R&R. Dkt. 6.

Because at least some of the defects in Mr. D'allo's complaint could be cured by the allegation

of other facts, this Court ADOPTS the R&R in part and DECLINES to adopt it in part,

DISMISSES Mr. D'allo's complaint, and GRANTS Mr. D'allo leave to file a proposed amended

ORDER ON REPORT AND RECOMMENDATION - 1

complaint for his claims of excessive force and wrongful arrest for violations of community

custody.

## II.    BACKGROUND

Mr. D'allo's proposed complaint consists of three parts: (1) a handwritten complaint on

the Court's form for pro se civil rights litigants, Dkt. 1-1; (2) an attachment with a narrative

description of Mr. D'allo's claims, Dkt. 1-3 at 1–4; and (3) exhibits that Mr. D'allo contends

support the allegations in his complaint, Dkt. 1-3 at 5–105.

His complaint form identifies eight defendants he is suing in their individual capacities

under 42 U.S.C. § 1983: Probation Supervisor Stephanie Modrijan; Probation Officers Vanessa

MacBride, Courtney Durrah, Shelby Lago, Adam Peterson, Cole Madison, and Alberto Baena;

and Assistant Attorney General Michelle Young. Dkt. 1-1 at 2–6. He states that the federal

constitutional rights that form the basis of his claims are the First, Fourth, Eighth, and Fourteenth

Amendments to the U.S. Constitution. *Id.* at 6. In the section of the complaint form that asks the

pro se litigant to "state as briefly as possible the facts of your case," Mr. D'allo explains that the

events giving rise to his claim occurred at his Tacoma, Washington probation office, but

otherwise writes "please see attached & exhibits." Dkt. 1-1 at 7. The complaint form provides

only four lines for a litigant to explain the facts underlying their claims, but it instructs that they

may "attach additional pages if needed," which is what Mr. D'allo did. *See id.*

In his attached narrative complaint, which is four pages long and contains numbered

paragraphs, Mr. D'allo makes the following allegations:

- Defendants Modrijan, MacBride, and Young made false statements or submitted
false documents in a case he filed against them in small claims court, which
Mr. D'allo contends violated Washington criminal statutes and the Washington
administrative code, and which he claims led to "the dismissal of what was
considered a legitimate and not frivolous court action," Dkt. 1-3 at ¶¶ 4–5, 7, 9;

- Defendant Modrijan "wrongfully incarcerated the plaintiff multiple times without a legal reason or a violation of any ratified conditions. Plaintiff was arrested and held in jail for days for allegedly failing a polygraph examiner's question." *Id.* ¶ 6.

- Defendants Madison, Baena, Peterson, and Lago "collaboratively engaged in the excessive force against the plaintiff. The plaintiff had blood in the face, a swollen eye, and permanent scarring." *Id.* ¶ 10.

- Defendant Modrijan imposed "unratified probationary conditions" on plaintiff which Mr. D'allo alleges were not authorized by his state sentence. *Id.* ¶ 11.

- Defendant Modrijan "violated the plaintiff's due process rights by ordering the plaintiff's detainment and confinement without notice for probable cause. The plaintiff was also deprived of his constitutional right to question his accuser or even be notified of the reason for confinement." *Id.* ¶ 13.

- Defendants Modrijan and MacBride violated his due process rights by forcing him to take a polygraph examination, denying him his regular heart and blood pressure medication before the exam, and causing him to be wrongfully incarcerated after the exam. *Id.* ¶¶ 14–20.

- Defendants Modrijan and MacBride violated his Eighth Amendment rights by ordering him to make a 528-mile, 11-hour round-trip drive to Benton County for a court appearance "without stopping for any reason, including food, gas, or restroom stops." *Id.* ¶ 23.

- Defendants Modrijan and MacBride violated his Eighth and Fourteenth Amendment rights by imposing "arbitrary probation conditions upon the plaintiff that were unrelated to the plaintiff's offense" and were not allowed by his sentence, and "incarcerating the plaintiff on those same illegal stipulations." *Id.* ¶ 23.

- Defendant Durrah violated Mr. D'allo's First Amendment rights by issuing orders prohibiting him from attending church. *Id.* ¶ 26.

Most of Mr. D'allo's allegations state the identity of each defendant who harmed him, when the harm occurred, and why he believes it violated his constitutional rights. He then attaches 100 pages of exhibits that he contends support his allegations, which he refers to by number in the narrative portion of his complaint. Although some of his exhibits have poor image quality and are difficult to discern, his complaint overall is coherent, easy to understand, and gives fair notice of why he is suing each defendant.

On May 22, 2024, the Magistrate Judge recommended that Mr. D'allo's complaint be dismissed sua sponte for failure to state a claim and that the Court deny leave to amend. Dkt. 5. The Magistrate Judge recommended this Court find that:

- Mr. D'allo's complaint violates Federal Rule of Civil Procedure 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Dkt. 5 at 3;

- Mr. D'allo failed to allege sufficient facts to support his claims, *id.*;

- Mr. D'allo should be denied leave to amend because he previously alleged similar claims in another lawsuit that was dismissed by this Court, *id.* at 4.

Mr. D'allo filed timely objections, arguing that the Magistrate Judge failed to consider his allegations and exhibits related to his probation conditions, the order that he drive 528 miles without stopping for gas or restroom breaks, his allegations of excessive force, and his allegations of "perjury" committed by some defendants. Dkt. 6.

### III.    LEGAL STANDARDS

**A.    De Novo Review of R&R**

When a Magistrate Judge makes proposed findings and recommendations, the District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1)(C); *see also* Federal Rule of Civil Procedure 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**B.    Screening of *in forma pauperis* complaints**

The district court may permit indigent litigants to proceed in forma pauperis ("IFP") upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court must subject a civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the

sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

An IFP complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989). Under this standard, a court may dismiss a claim that is based on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)"—the statute's second ground for dismissal—"is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id.*

The Court must dismiss an IFP action "at any time" during the case when it determines that the IFP complaint (or proposed complaint) is subject to dismissal under section 1915's screening provision. *See* § 1915(e)(2)(B). Courts in the Ninth Circuit may screen an IFP complaint before determining whether the plaintiff qualifies financially for IFP status, and a determination that a complaint is subject to dismissal under the statute itself warrants both dismissing the complaint and denying a pending motion to proceed IFP. *See Tripati v. First Nat'l*

*Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("A prisoner's civil action may be dismissed under § 1915(e)(2) or § 1915A before any fees have been paid, and thus before 'filing' occurs." (quoting *Ford v. Johnson*, 362 F.3d 395, 399–400 (7th Cir. 2004)); *see also id.* (construing "a district court's termination of an in forma pauperis complaint during the screening process for a reason enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a dismissal pursuant to the applicable section").

Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## IV.   DISCUSSION

### A.   Mr. D'allo's complaint satisfies Federal Rule of Civil Procedure 8.

Mr. D'allo first objects to the recommendation that this Court find his complaint violates Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see* Dkt. 6 at 1 (objecting to the Magistrate Judge's conclusion that "my use of 'see attached' [was] insufficient"). The Court agrees with Mr. D'allo and DECLINES to adopt the R&R on this point.

The R&R's Rule 8 analysis states:

> Here, Plaintiff's proposed complaint merely states "see attached" regarding his statement of the claim. See Dkt. 1-1. Plaintiff then attaches 105 pages of exhibits to his proposed compliant. See Dkt. 1-3. In the Attachment, Plaintiff appears to include a statement of the claim wherein he alleges Defendants violated his constitutional rights under § 1983 and violated state law. Id. This statement is not

signed nor dated. And, while documents, statements and exhibits may serve as evidence in support of Plaintiff's claims, they are not a substitute for the complaint.

Dkt. 5 at 3. But this is not an accurate characterization of Mr. D'allo's complaint. Mr. D'allo used the Court's complaint form for pro se litigants, which he filled out, signed, and dated. Dkt. 1-1 at 9. The section of the form where Mr. D'allo wrote "please see attached" is the "Statement of Claim" section, which asks the pro se litigant: "What are the facts underlying your claim(s)? (*For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?).*" Dkt. 1-1 at 7 (emphasis in original). The form provides only four lines for litigants to answer all these questions, but it encourages them to "attach additional pages if needed" and "[i]f more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph." *Id.*

Mr. D'allo did just that. The first four pages of his attachment are a narrative statement of his claim, which sets out his factual allegations against each defendant in separate numbered paragraphs. Dkt. 1-3 at 1–4. For the most part, he states the constitutional right he believes was violated, the person he believes violated it, and when the alleged violation occurred. *See id.* Mr. D'allo's failure to separately sign and date this attachment does not prevent it from being incorporated into his signed complaint, particularly when he was following the Court's own instructions on how to add detail beyond the space allowed on the complaint form. Mr. D'allo's complaint satisfies Rule 8.

**B.     Mr. D'allo's claims arising from the imposition of probation conditions are barred by quasi-judicial immunity.**

Mr. D'allo next objects to the R&R's statement that "Plaintiff has not plausibly described facts leading to the conclusion that Defendants violated his rights related to any probation conditions. For example, probation officers cannot impose conditions of probation or supervised release and do not have the ability to deny Plaintiff earned good time and work credits." Dkt. 5 at

3; *see* Dkt. 6 at 2 ("the Magistrate [Judge] elaborates on the limits of authority for probation officers, yet fails to recognize that my complaint alleges violations precisely because new probation conditions were issued unlawfully, leading to my wrongful incarceration"). Although the Court agrees with Mr. D'allo's objection to the R&R's characterization of his allegations, his claims arising from the imposition of probation conditions are barred by the doctrine of absolute "quasi-judicial immunity." *Swift v. California*, 384 F.3d 1184, 1188–91 (9th Cir. 2004).

Washington law allows the Department of Corrections, through its community custody officers, to "establish and modify additional conditions of community custody based upon the risk to community safety." RCW 9.94A.704(2)(a). But "[t]he department may not impose conditions that are contrary to those ordered by the court and may not contravene or decrease court-imposed conditions." RCW 9.94A.704(6). The Due Process clause of the Fourteenth Amendment also places limits on the conditions that may be imposed. *See, e.g.*, *State v. Bahl*, 164 Wn.2d 739, 752–58, 193 P.3d 678 (2008) (holding that condition prohibiting possession of pornographic materials violated the Due Process clause because it was unconstitutionally vague).

But the Ninth Circuit has held that parole and probation officers are "entitled to absolute immunity when they perform 'quasi-judicial' functions," including for the "imposition of parole conditions." *Swift*, 384 F.3d at 1189. Other courts in this district have applied *Swift* to community custody officers of the Washington Department of Corrections. *See, e.g.*, *Buzzard v. Washington*, No. C20-01559-RAJ-SKV, 2022 WL 1571272, at *7 (W.D. Wash. Apr. 21, 2022); *Malik v. Morgan*, No. 3:17-CV-05875-RBL, 2018 WL 1963797, at *2–3 (W.D. Wash. Apr. 26, 2018). This means that, even if Mr. D'allo is correct that the conditions described in his complaint were imposed unlawfully, the Defendants are immune from suit for imposing them.

Although the Court declines to adopt the reasoning of the R&R, it agrees that all of Mr. D'allo's claims arising from the imposition of community custody conditions (Dkt. 1-3

¶¶ 11, 14–16, 18–20, 22–24, 26) must be dismissed with prejudice. Because this immunity is a matter of substantive law that cannot be cured by the allegation of other facts, the Court will not allow leave to amend these claims. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

**C.     Mr. D'allo may amend his claims arising from enforcement of community custody conditions.**

Absolute immunity does not, however, extend to claims against community custody officers for enforcing conditions of supervision in an unconstitutional manner, such as by arresting a supervisee for a violation without any cause or violating a supervisee's right to bodily integrity. *See Swift*, 384 F.3d at 1189–92 (holding that when investigating violations or authorizing an arrest, "a parole agent functions as a police officer"); *West v. Eskes*, No. C07-617-RSL, 2008 WL 4283056, at *9 (W.D. Wash. Sept. 17, 2008) ("Probation and parole officers are entitled to absolute immunity when performing quasi-judicial functions, but not when performing functions similar to those of a police officer, such as taking a parolee into custody."). The Due Process clause provides protections against incarceration for a violation of community custody without adequate notice and an opportunity to be heard. *See In re Blackburn*, 168 Wn.2d 881, 884–87, 232 P.3d 1091 (2010) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)).

Mr. D'allo's complaint includes allegations that Defendant Modrijan ordered his "detainment and confinement without notice for probable cause," Dkt. 1-3 ¶ 13, and that he was later "returned to the county jail without probable cause," *id.* ¶ 16. But unlike his allegations about the conditions of supervision that the Defendants imposed, these allegations are conclusory, and do not provide any detail about what the alleged violation was, how Mr. D'allo was detained, or why reasonable cause for the violation was lacking. The Court will therefore dismiss these claims without prejudice. Because these defects could be cured by the allegation of more facts, however, the Court will grant Mr. D'allo leave to amend. *See Lucas v. Dep't of*

ORDER ON REPORT AND RECOMMENDATION - 9

*Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). If Mr. D'allo amends his complaint, he should explain what condition he was accused of violating, who arrested him for that violation, when the arrest occurred, when and where he was detained, and why he believes he was arrested or detained without legal justification.

**D.      Mr. D'allo's Eighth Amendment claim is barred by quasi-judicial immunity.**

Mr. D'allo next objects to the R&R's statement that "[a]s this court has previously found, Plaintiff has also not alleged factual support for the seemingly implausible claim that any defendant unconstitutionally 'ordered' him to drive 528 miles, without stopping, even for gas or to use the bathroom, to appear in court in Benton County." Dkt. 5 at 3; *see* Dkt. 6 at 2 ("the Magistrate [Judge] dismisses my claim that I was ordered to drive 528 miles without stopping for gas or restroom breaks as 'seemingly implausible,' despite the existence of exhibits and proof supporting this claim"). Although the Court again agrees that Mr. D'allo has raised a legitimate objection to the R&R, this claim is also barred by quasi-judicial immunity.

Mr. D'allo alleged in his complaint:

> On April 17, 2023, the defendant Stephanie Modrijan and Vanessa MacBride violated the plaintiff's Eighth Amendment rights by ordering the plaintiff to appear in a Benton County District Court. This is a 528-mile, 11-hour round-trip drive from the plaintiff's residence and back. The defendants ordered that the plaintiff accomplish this directive without stopping for any reason, including food, gas, or restroom stops. (See Exhibit 10A).

Dkt. 1-3 ¶ 22. Exhibit 10A to the complaint is an "in-state travel permit" for Mr. D'allo signed by Vanessa MacBride for travel to Benton County. Dkt. 1-3 at 66. The "instructions/comments" section says: "This travel pass is for you to attend your hearing. You must travel to the Court house and back and not make any other stops including food or gas stations." Because Mr. D'allo

attached this document to his complaint, the Court may consider it when evaluating whether the complaint satisfies Rule 12(b)(6). *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When Mr. D'allo's allegations are considered in combination with the supporting exhibit, the Court finds he has plausibly alleged that he was ordered as a condition of his supervision to travel to Benton County and back without stopping for food, gas, or restroom breaks. The Court therefore declines to adopt the reasoning of the R&R on this point. But because this claim arises from the imposition of a condition of community custody, it too is barred by quasi-judicial immunity and must be dismissed with prejudice. *Swift*, 384 F.3d at 1188–91.

**E.     Mr. D'allo's excessive forms claims are conclusory but the Court will allow leave to amend.**

Mr. D'allo also objects the R&R's statement that his "alleged claims of excessive force are conclusory and insufficient to state a claim." Dkt. 5 at 3; *see* Dkt. 6 at 2 ("the Magistrate Judge did not address significant exhibits, such as the evidence of me being slammed on my face while handcuffed"). Mr. D'allo's complaint states "[t]he defendants Cole Madison, Alberto Baena, Adam Peterson and Shelby Lago, collaboratively engaged in the excessive force against the plaintiff. The plaintiff had blood in the face, a swollen eye, and permanent scarring. (SEE Exhibit #7)." Dkt. 1-3 ¶ 10. The attached Exhibit 7 contains what appear to be copies of photographs of Mr. D'allo's alleged injuries, although the image quality is too poor to make out any detail. *See* Dkt. 1-3 at 53–60.

The Court agrees that these allegations provide insufficient detail to state a claim and ADOPTS the R&R on this point. Mr. D'allo describes his alleged injuries and identifies the Defendants he alleges caused them, but he does not say when or where the force occurred, what type of force was used, what led to the use of force, or why it was excessive. Because these defects could be cured by the allegation of more facts, however, the Court will grant Mr. D'allo

leave to amend his excessive force claims. *Lucas*, 66 F.3d at 248. Mr. D'allo's excessive force claims were not part of his previous lawsuit and this is his first opportunity to amend them.

**F.     Mr. D'allo has not stated a claim arising from his perjury or false document allegations.**

Finally, Mr. D'allo objects to the R&R's recommendation that the Court dismiss his claims arising from allegations that Defendants Modrijan, MacBride, and Young made false statements or submitted false documents in a case he filed against them in small claims court, which Mr. D'allo contends violated Washington criminal statutes and the Washington administrative code, and which he claims led to "the dismissal of what was considered a legitimate and not frivolous court action," Dkt. 1-3 at ¶¶ 4–5, 7, 9; *see* Dkt. 6 at 2 ("the Magistrate Judge did not address . . . the perjury committed by an Attorney General and a probation supervisor").

The Court ADOPTS the R&R on this point. As the Magistrate Judge pointed out, Mr. D'allo's allegation that these defendants violated criminal statutes or Washington regulations does not state a civil cause of action under 42 U.S.C. § 1983. Dkt. 5 at 4 n.1. And because this defect cannot be cured by the allegation of other facts, the Court will not allow leave to amend.

## V.     CONCLUSION

For the reasons explained above, the Court orders as follows:

- All of Mr. D'allo's claims against Defendant Young are DISMISSED WITH PREJUDICE.

- All of Mr. D'allo's claims against Defendant Durrah are DISMISSED WITH PREJUDICE.

- Mr. D'allo's claims against Defendants Modrijan and MacBride that arise from allegations of perjury or submitting false documents in his small claims court proceeding are DISMISSED WITH PREJUDICE.

- Mr. D'allo's claims against Defendants Modrijan and MacBride that arise from their imposition of conditions of community custody are DISMISSED WITH PREJUDICE.

- Mr. D'allo's claims against Defendants Modrijan and MacBride that arise from their investigation of or actions in arresting or detaining him for violations of his community custody conditions are DISMISSED WITHOUT PREJUDICE. Mr. D'allo may file a proposed amended complaint to cure the defects in these claims no later than September 3, 2024.

- Mr. D'allo's claims against Defendants Madison, Baena, Peterson, and Lago for excessive force are DISMISSED WITHOUT PREJUDICE. Mr. D'allo may file a proposed amended complaint to cure the defects in these claims no later than September 3, 2024.

This Court will review Mr. D'allo's proposed amended complaint, if he submits one, and then rule on his motion to proceed *in forma pauperis*. If Mr. D'allo does not submit a proposed amended complaint by September 3, 2024, this Court will close the case.

The Clerk is directed to send copies of this Order to Mr. D'allo and to the Hon. David W. Christel.

Dated this 13th day of August, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER ON REPORT AND RECOMMENDATION - 13