UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMJAE A. D'ALLO,<br><br>        Plaintiff,<br><br>   v.<br><br>STEPHANIE MODRIJAN et al.,<br><br>        Defendant. | Case No. 3:24-cv-05325-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |

      Before the Court is pro se Plaintiff Timjae D'allo's motion to appoint counsel. Dkt. 12. For the reasons explained below, the Court DENIES Mr. D'allo's motion.

### I.    BACKGROUND

      Mr. D'allo initiated this case by moving to proceed *in forma pauperis* ("IFP") on April 30, 2024. Dkt. 1. His motion included a proposed complaint that consisted of three parts: (1) a handwritten complaint on the Court's form for pro se civil rights litigants, Dkt. 1-1; (2) an attachment with a narrative description of Mr. D'allo's claims alleging that state employees supervising his term of community custody with the Washington Department of Corrections violated his constitutional rights, Dkt. 1-3 at 1–4; and (3) exhibits that Mr. D'allo contended supported the allegations in his complaint, Dkt. 1-3 at 5–105. Dkt. 7 at 2. The IFP motion was referred to United States Magistrate Judge David W. Christel, who issued a Report and

Recommendation ("R&R") recommending that the proposed complaint be dismissed for failure to state a claim and the IFP application denied. Dkt. 5. Mr. D'allo filed timely objections to Judge Christel's R&R. Dkt. 6. Because at least some defects in Mr. D'allo's initial complaint could be cured by the allegation of other facts, this Court adopted the R&R in part and declined it in part, dismissing Mr. D'allo's complaint, but granting him leave to file a proposed amended complaint. Dkt. 7. Mr. D'allo filed a proposed amended complaint, Dkt. 8., and on September 26, 2024, the Court granted his motion to proceed IFP, Dkt. 9, and file his complaint, Dkt. 10.

On October 22, 2024, Mr. D'allo filed this motion asking the Court to appoint counsel to represent him in the lawsuit. Dkt. 12. Mr. D'allo's amended complaint asserts claims under 42 U.S.C. § 1983 alleging Defendants, eight state employees with the Washington Department of Corrections, violated his due process rights by using excessive force against him during his arrest and imposing unlawful probation conditions. Dkt. 10 at 4. Mr. D'allo's complaint also alleges claims of false imprisonment, intentional infliction of emotional distress, and official misconduct under RCW 9.80.0104. *Id.*

Mr. D'allo requests court-appointed counsel because he has unsuccessfully sought legal representation from "several (more than 5) attorneys." Dkt. 12 at 2. He states in support of his application that "[a]ll attorneys contacted have declined to join in this case and represent me without me providing funds that I do not have." *Id.*

## II.    DISCUSSION

There is no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved" when assessing whether there are exceptional circumstances warranting appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel[.]" *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005). While "any pro se litigant certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. *Rand*, 113 F.3d at 1525. They must show that they are unable to articulate their position because of the complexity of their claims. *See id*.

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above. While the Court appreciates Mr. D'allo's application for counsel and the information he has provided, he has not identified circumstances rendering his case "exceptional" or of such complexity that warrants appointment of counsel. The Court recognizes that Mr. D'allo is proceeding IFP and satisfies the standard for indigency. *See* Dkt. 9. However, Mr. D'allo's unsuccessful attempt to contact "several (more than 5) attorneys" at this early stage of litigation does not indicate that additional efforts to find counsel will not succeed. *See* Dkt. 12 at 2. Additionally, the case has not yet proceeded beyond the

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL - 3

pleading stage, and it is too early for the Court to evaluate Mr. D'allo's likelihood of success. Although the Court dismissed Mr. D'allo's initial complaint, he filed successful objections to the Magistrate Judge's Report and Recommendation, and he was granted leave to cure defects in his due process and excessive force claims under 42 U.S.C. § 1983. Dkt. 6; Dkt. 7 at 12–13. Mr. D'allo then amended his complaint to add factual allegations to support his remaining claims, and this Court granted him leave to proceed IFP. Dkt. 8 at 2–4; Dkt. 9. Mr. D'allo has shown that he is able to file pleadings and motions in the case and explain the basis for his allegations. While Mr. D'allo may benefit from the assistance of legal counsel, he has not shown the case exhibits significant complexity, a likelihood of success on the merits, or that he is unable to articulate his claims. *See Agyeman* at 1103–04; *Rand*, 113 F.3d at 1525.

### III.    CONCLUSION

This case does not present extraordinary circumstances warranting the appointment of counsel. The Court therefore DENIES Mr. D'allo's motion (Dkt. 12). The Court encourages Mr. D'allo to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of December, 2024.

Tiffany M. Cartwright
United States District Judge