UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMJAE A. D'ALLO,<br><br>                Plaintiff,<br><br>    v.<br><br>STEPHANIE MODRIJAN; VANESSA MACBRIDE; SHELBY LAGO; ADAM PETERSON; COLE MADISON; ALBERTO BAENA-ESTRADA,<br><br>                Defendant. | Case No. 3:24-cv-05325-TMC<br><br>ORDER GRANTING MOTION TO STAY PRETRIAL SCHEDULING ORDER AND DISCOVERY |

## I.    INTRODUCTION

Pro se Plaintiff Timjae D'allo filed this case alleging that Defendants, state employees supervising his term of community custody with the Washington Department of Corrections ("DOC"), violated his constitutional rights. Dkt. 1-1, 10. Defendants[1] have moved to dismiss the claims against them. Dkt. 16. Defendants have also moved to stay the Court's pretrial scheduling order and discovery until the Court rules on the motion to dismiss. Dkt. 31. For the reasons explained below, the motion to stay pretrial scheduling order and discovery is GRANTED.

---

[1] Defendants also assert that Mr. D'allo incorrectly identified Defendant "Alberto Baena-Estrada" as "Alberto Baenea" in his complaint and request that a correction be made. Dkt. 16 at 3, n.1; Dkt. 10. Mr. D'allo does not address this point in his responses to Defendants' motion to dismiss. Dkt. 25, 27. The Court will amend the case caption and references to Defendant accordingly.

ORDER GRANTING MOTION TO STAY PRETRIAL SCHEDULING ORDER AND DISCOVERY - 1

## II. BACKGROUND

Mr. D'allo began this case by moving to proceed *in forma pauperis* ("IFP") on April 30, 2024. Dkt. 1. His motion included a proposed complaint that consisted of three parts: (1) a handwritten complaint on the Court's form for pro se civil rights litigants, Dkt. 1-1; (2) an attachment with a narrative description of Mr. D'allo's claims alleging that state employees supervising his term of community custody with DOC violated his constitutional rights, Dkt. 1-3 at 1–4; and (3) exhibits that Mr. D'allo contended supported the allegations in his complaint, Dkt. 1-3 at 5–105. Dkt. 7 at 2. The IFP motion was referred to United States Magistrate Judge David W. Christel, who issued a Report and Recommendation ("R&R") recommending that the proposed complaint be dismissed for failure to state a claim and the IFP application denied. Dkt. 5. Mr. D'allo filed timely objections to Judge Christel's R&R. Dkt. 6. Because at least some defects in Mr. D'allo's initial complaint could be cured by the allegation of other facts, this Court adopted the R&R in part and declined it in part, dismissing Mr. D'allo's complaint, but granting him leave to file a proposed amended complaint. Dkt. 7. On September 26, 2024, the Court granted Mr. D'allo's motion to proceed IFP, Dkt. 9, and file his complaint, Dkt. 10.

Mr. D'allo's amended complaint asserts claims under 42 U.S.C. § 1983 alleging Defendants, eight state employees with DOC, violated his constitutional rights by using excessive force against him during his arrest and imposing unlawful probation conditions. Dkt. 10 at 4. Mr. D'allo's complaint also alleges state law claims of false imprisonment, intentional infliction of emotional distress, and official misconduct under RCW 9.80.0104. *Id.*

On December 12, 2024, Defendants filed a motion by special appearance to dismiss Mr. D'allo's lawsuit for improper and insufficient process, failure to state a claim, and failure to file a mandatory tort claim, or alternatively, to quash all services of process. Dkt. 16. On

December 17, 2024, the Court extended the initial case scheduling deadlines by two months because of the pending motion to dismiss. Dkt. 32-1.

On February 14, 2025, Defendants moved for a stay of the December 17, 2024 Pretrial Schedule Order, in addition to a stay of discovery, until the Court rules on its motion to dismiss. Dkt. 31. Mr. D'allo opposed the motion and asked the Court to impose sanctions under Rule 11 against Defendants "to deter further dilatory tactics." Dkt. 33 at 1. Defendants replied on February 28, 2025. Dkt. 35.

### III.    LEGAL STANDARD

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). As part of that authority, district courts have "wide discretion in controlling discovery," including by staying discovery when warranted. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

As other courts in this district have recognized, "[t]he Ninth Circuit does not appear to have set forth any rules or standards governing such stays of discovery." *Hold Sec. LLC v. Microsoft Corp.*, No. 2:23-cv-899-MJP, 2023 WL 7920434, at *1 (W.D. Wash. Nov. 16, 2023). The "mere existence of a dispositive motion does not warrant a stay of discovery." *Id.* Rather courts often "examine the nature of the pending Rule 12(b) motion" to determine whether a stay is appropriate. *Id.* In doing so, courts may look to several factors to guide their exercise of discretion, such as "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law[.]" *Subspace Omega, LLC v. Amazon Web*

*Servs., Inc.*, No. 2:23-cv-01772-TL, 2024 WL 4451404, at *1 (W.D. Wash. Oct. 9, 2024) (cleaned up); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

### IV.  DISCUSSION

The Court finds these factors support a stay. First, Defendants' pending motion to dismiss could dispose of the entire case. Dkt. 16 at 5–13. "Without commenting on the merits of Defendant[s'] pending motion, the Court notes that the motion is not frivolous." *Subspace Omega, LLC*, 2024 WL 4451404, at *2. Defendants ask the Court to dismiss Mr. D'allo's lawsuit for improper and insufficient service of process on each Defendant under Rule 12(b)(5). Dkt. 16 at 1, 5–9. Alternatively, Defendants move to dismiss Mr. D'allo's Section 1983 claims because they are legally and factually insufficient to state a claim for relief. *Id.* at 1, 9–12. Finally, Defendants argue that at least Mr. D'allo's state law claims should be dismissed for failure to file a mandatory pre-litigation tort claim with the state under RCW 4.92.100. *Id.* at 1–2, 12–13. Even "[i]f resolution of the motion to dismiss does not dispose of the [entire] case, it will focus the scope of discovery" on the remaining claims. *See Lazar v. Charles Schwab & Co. Inc.*, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014). The first factor supports a stay.

Second, at least some of these dispositive issues raise questions of law which may be decided without additional discovery. *See* Dkt. 16 at 5–13; *See Hold Sec. LLC*, 2023 WL 7920434, at *1 (citing *Little*, 863 F.2d at 685) ("[C]ourts often examine the nature of the pending Rule 12(b) motion to determine whether a stay of discovery is appropriate. For example, whether the motion involves pure questions of law that are dispositive—such as subject matter jurisdiction or immunity—rather than fact-intensive inquiries that might be resolved by further discovery."). Here, whether service was improper, whether Mr. D'allo sufficiently alleged the elements of a Section 1983 claim, and whether Mr. D'allo was required to file a pre-litigation tort claim before suing Defendants are "pure" legal questions. *See id;* Dkt. 16 at 5–13. Because

ORDER GRANTING MOTION TO STAY PRETRIAL SCHEDULING ORDER AND DISCOVERY - 4

additional discovery is unnecessary to decide these issues, the second factor favors granting a stay.

Third, any damage from granting a stay of the pretrial scheduling order and discovery is minimal. Mr. D'allo asserts that a stay would "significantly prejudice" him by "delaying the resolution of serious claims." Dkt. 33 at 1. But any delay will be short-lived. Mr. D'allo filed for IFP in April 2024, Dkt. 1, and his amended complaint was filed on September 26, 2024. Dkt. 10. Defendants moved for a stay until the Court rules on their pending motion to dismiss, which is fully briefed and ripe for the Court's review. Dkt. 31 at 2. Because Mr. D'allo does not explain how he will be prejudiced by a temporary delay, this factor also supports a stay.

For their part, Defendants also do not explain how the Court's denial of their stay request would impose a hardship. Defendants allege more generally that because Defendant's motion to dismiss is pending, "it is in the best interest of this litigation if the parties did not proceed with exchanging initial disclosures, filing a joint status report, or engag[ing] in discovery." Dkt. 31 at 1–2. Because the "mere existence of a dispositive motion does not warrant a stay of discovery," the fourth factor weighs against granting a stay. *See Hold Sec. LLC*, 2023 WL 7920434, at *1.

Finally, staying the pretrial scheduling order and discovery until the Court resolves the motion to dismiss is likely to simplify the issues. "[E]ven if the motion does not result in complete dismissal of all claims, the issues are more likely to be simplified than complicated, and the Parties will have a greater understanding of the claims as they engage in discovery." *See Subspace Omega, LLC*, 2024 WL 4451404, at *2 (citation omitted); *see also In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("adjudicating the motion[] to dismiss will shed light on the best course for discovery."). The fifth factor, therefore, warrants a stay. Because four out of five factors support

granting a stay, the Court concludes that a stay of the Pretrial Schedule Order and discovery is appropriate.

## V.   CONCLUSION

For the reasons explained above, Defendants' motion to stay all remaining deadlines in the December 17, 2024 Pretrial Schedule Order and to stay discovery, Dkt. 31, is GRANTED. The Court will enter new case scheduling deadlines, if necessary, following its ruling on the pending motion to dismiss. The Court also DENIES Mr. D'allo's request to impose Rule 11 sanctions based on Defendants' motion to stay as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of March, 2025.

Tiffany M. Cartwright
United States District Judge