UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMJAE A. D'ALLO,<br><br>               Plaintiff,<br><br>   v.<br><br>STEPHANIE MODRIJAN; VANESSA MACBRIDE; SHELBY LAGO; ADAM PETERSON; COLE MADISON; ALBERTO BAENA-ESTRADA,<br><br>               Defendant. | Case No. 3:24-cv-05325-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

## I.  INTRODUCTION

On April 30, 2024, pro se Plaintiff Timjae D'allo filed this case alleging that Defendants, state employees supervising his term of community custody with the Washington Department of Corrections ("DOC"), violated his constitutional rights. Dkt. 1-1; Dkt. 10. The Court granted Mr. D'allo's motion to proceed *in forma pauperis* ("IFP") and file his complaint. Dkt. 9; Dkt. 10. Defendants moved to dismiss, or alternatively, quash service of process. Dkt. 16. For the reasons explained below, the motion to quash is GRANTED but the motion to dismiss Mr. D'allo's

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 1

claims is DENIED. Because Mr. D'allo is proceeding IFP, he is entitled to service by U.S. Marshals pursuant to Federal Rule of Civil Procedure 4(c)(3).

## II.    BACKGROUND

Mr. D'allo initiated this suit by moving to proceed IFP. Dkt. 1. The IFP motion was referred to United States Magistrate Judge David W. Christel, who issued a Report and Recommendation ("R&R") recommending that the proposed complaint be dismissed for failure to state a claim and the IFP application denied. Dkt. 5. Mr. D'allo filed timely objections to Judge Christel's R&R. Dkt. 6. In its de novo review of the R&R, this Court adopted the R&R in part and declined it in part. *See generally* Dkt. 7. The Court concluded that Mr. D'allo's complaint satisfied Federal Rule of Civil Procedure 8. *Id.* at 8. But the Court found that his claims arising from the imposition of probation conditions were barred by quasi-judicial immunity and were dismissed with prejudice. *Id.* at 8–9. The Court, however, granted leave to amend his complaint with respect to claims arising from the enforcement of community custody conditions and excessive use of force, finding that the defects in those claims could be cured. *Id.* at 13. On September 26, 2024, the Court granted Mr. D'allo's motion to proceed IFP, Dkt. 9, and he filed an amended complaint, Dkt. 10.

Mr. D'allo's amended complaint asserts claims under 42 U.S.C. § 1983 alleging Defendants, six state employees with DOC, violated his constitutional rights by using excessive force against him during his arrest and enforcing unlawful probation conditions. Dkt. 10 at 4. Mr. D'allo also alleges state law claims of false imprisonment, intentional infliction of emotional distress, and official misconduct under RCW 9.80.0104. *Id.*

On December 12, 2024, Defendants filed a motion by special appearance to dismiss for improper and insufficient process, failure to state a claim, and failure to file a mandatory tort claim, or alternatively, to quash all services of process. Dkt. 16. Defendants also moved to stay

discovery pending the motion to the dismiss on March 4, 2025, which the Court granted. Dkt. 37. Mr. D'allo responded to the motion to dismiss, Dkt. 25, and Defendants replied, Dkt. 26. Mr. D'allo filed a surreply, Dkt. 27, and the motion is ripe for the Court's consideration.

### III.  LEGAL STANDARD

Rule 12(b)(5) provides that a complaint may be dismissed for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted); *see also S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process."). Courts may dismiss or quash service of process based on non-compliant service of process. *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.") (citation omitted). "Where process or service of process is challenged, the court may consider affidavits, depositions, or oral testimony submitted by the parties without converting a motion to dismiss to a motion for summary judgment." *Clancy v. Allstate Ins. Co.*, No. 20-CV-08668-BLF, 2021 WL 3861421, at *1 (N.D. Cal. Aug. 30, 2021) (citation omitted).

### IV.  DISCUSSION

**A.  Service of Process**

Defendants argue that the Court should dismiss Mr. D'allo's claims for insufficient service of process for each Defendant. Dkt. 16 at 6. As Defendants explain, Federal Rule of Civil Procedure 4(e) governs service of process and provides two methods for service relevant here. Dkt. 16 at 6. Rule 4(e)(1) allows for service that complies with state law "in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Washington

law, service on a state employee is proper if completed "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(16). Alternatively,

> where the person cannot with reasonable diligence be served as described, the summons may be served as provided in this subsection, and shall be deemed complete on the tenth day after the required mailing: By leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address. For the purposes of this subsection, "usual mailing address" does not include a United States postal service post office box or the person's place of employment.

RCW 4.28.080(17).

Federal Rule of Civil Procedure 4(e)(2) also provides that service of process may be completed by doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Defendants contend that Mr. D'allo did not satisfy either method of service of process. Dkt. 16 at 6. They assert that on October 22, 2024, a woman came into the lobby of the Tacoma Community Custody Division ("CCD") office and "threw a packet at the reception desk window and ran out the door." *Id.* at 3; *see* Dkt. 23 ¶ 3. Kathleen Nicks, the receptionist that day, opened the packet and found court documents inside. Dkt. 23 ¶ 4. She then placed the packet in Defendant Modrijan's employee mailbox. *Id.* Defendant Modrijan opened the packet, which contained copies of six summonses and complaints. Dkt. 22 ¶ 5. Defendant Modrijan forwarded the documents to the administrative assistant to the CCD field administrator and emailed a courtesy copy to those employees who had left the DOC or transferred to a different CCD office.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 4

*Id.* ¶¶ 7, 8. She also placed a courtesy copy in the employee mailboxes of those employees still working at the Tacoma CCD office. *Id.* ¶ 8. In their declarations, Ms. Nicks and Defendant Modrijan state that they were "not authorized to accept service of process of lawsuits" for any CCD employees. Dkt. 22 ¶ 6; Dkt. 23 ¶ 5; *see also* Dkt. 18 ¶ 6 (statement by state risk manager that "[t]here is no employee at the DOC CCF Tacoma office who is authorized to accept service of lawsuits for DOC or its employees.").

Additionally, all individual Defendants declared that they had not been personally served with a summons or complaint, had not been served by someone leaving a copy of the summons and complaint at their dwelling with someone residing there of a suitable age, and had not received a copy of the summons and complaint at their mailing address. *See* Dkt. 17 ¶¶ 5–7 (Defendant Baena-Estrada); Dkt. 19 ¶¶ 5–7 (Defendant Lago); Dkt. 20 ¶¶ 6–8 (Defendant MacBride); Dkt. 21 ¶¶ 5–8 (Defendant Madison); Dkt. 22 ¶¶ 9–12 (Defendant Modrijan); Dkt. 24 ¶¶ 5–8 (Defendant Peterson). Since Defendants were not properly served, they conclude that the claims should be dismissed, or alternatively, that service of process should be quashed. Dkt. 16 at 6; Dkt. 26 at 2–3.

Mr. D'allo responds that "Defendants' participation in prior proceedings reflect actual notice and constitutes a waiver of service objections." Dkt. 25 at 3. He requests that should the Court identify any defect, that he is provided leave to re-serve Defendants. *Id.* at 5.

Defendants reply that they entered a special notice of appearance which expressly stated that they were not "waiving objections as to improper service, jurisdiction or venue[.]" Dkt. 26 at 2; *see* Dkt. 14 at 1. They also argue that actual notice of the lawsuit does not cure all service of process defects given that Mr. D'allo does not dispute that "he attempted to serve the defendants at their workplace by having a woman hastily leave a packet and run out." Dkt. 26 at 3 (citing *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013)).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 5

The Court agrees that Defendants were not properly served. Mr. D'allo has not shown that individual Defendants were personally served or served through any of the other methods permitted under Washington state or federal law. *See* Dkt. 17 ¶¶ 5–7; Dkt. 19 ¶¶ 5–7; Dkt. 20 ¶¶ 6–8; Dkt. 21 ¶¶ 5–8; Dkt. 22 ¶¶ 9–12; Dkt. 24 ¶¶ 5–8; *Brockmeyer*, 383 F.3d at 801.

Mr. D'allo, however, is proceeding IFP, and "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3); *see* Dkt. 9. Notably, "[t]he court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3). To avoid further delay, the Court will send waiver of service packets to each Defendant in care of the Washington State Attorney General's Office. If Defendants do not waive service of process, Mr. D'allo will be entitled to request personal service on those Defendants by U.S. Marshals.

### V.   CONCLUSION

Accordingly, the Court GRANTS Defendants' motion to quash service of process but DENIES Defendants' motion to dismiss Mr. D'allo's claims (Dkt. 16). The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of April, 2025.

Tiffany M. Cartwright
United States District Judge