UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMJAE A. D'ALLO,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE MODRIJAN; VANESSA MACBRIDE; SHELBY LAGO; ADAM PETERSON; COLE MADISON; ALBERTO BAENA-ESTRADA,<br><br>Defendant. | Case No. 3:24-cv-05325-TMC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL |

Before the Court is pro se Plaintiff Timjae D'allo's second motion to appoint counsel. Dkt. 43. For the reasons explained below, the Court DENIES Mr. D'allo's motion.

**I.   BACKGROUND**

Mr. D'allo initiated this case by moving to proceed *in forma pauperis* ("IFP") on April 30, 2024. Dkt. 1. His motion included a proposed complaint that consisted of three parts: (1) a handwritten complaint on the Court's form for pro se civil rights litigants, Dkt. 1-1; (2) an attachment with a narrative description of Mr. D'allo's claims alleging that state employees supervising his term of community custody with the Washington Department of Corrections

ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL - 1

violated his constitutional rights, Dkt. 1-3 at 1–4; and (3) exhibits that Mr. D'allo contended supported the allegations in his complaint, Dkt. 1-3 at 5–105. Dkt. 7 at 2. The IFP motion was referred to United States Magistrate Judge David W. Christel, who issued a Report and Recommendation ("R&R") recommending that the proposed complaint be dismissed for failure to state a claim and the IFP application denied. Dkt. 5. Mr. D'allo filed timely objections to Judge Christel's R&R. Dkt. 6. Because at least some defects in Mr. D'allo's initial complaint could be cured by the allegation of other facts, this Court adopted the R&R in part and declined it in part, dismissing Mr. D'allo's complaint, but granting him leave to file a proposed amended complaint. Dkt. 7. Mr. D'allo filed a proposed amended complaint, Dkt. 8., and on September 26, 2024, the Court granted his motion to proceed IFP, Dkt. 9, and file his complaint, Dkt. 10. The Court denied Mr. D'allo's first motion for court-appointed counsel. Dkt. 15.

On December 12, 2024, Defendants moved to dismiss the case. Dkt. 16. The Court stayed discovery pending resolution of the motion to dismiss (Dkt. 37) and later granted in part and denied in part the motion to dismiss. Dkt. 45. The Court concluded that Mr. D'allo had not served the Defendants with the lawsuit in compliance with Federal Rule of Civil Procedure 4 but directed the Clerk's office to send waiver of service packets on Mr. D'allo's behalf. *See id.* Defendants have not yet returned the waivers of service, answered the complaint, or filed a new motion to dismiss.

On April 17, 2025, Mr. D'allo filed his renewed motion for appointment of counsel. Dkt. 43. Mr. D'allo argues that exceptional circumstances warrant appointment of counsel because three Assistant Attorneys General (AAGs) have appeared in the case, he raises complex constitutional claims, and his claims are likely to succeed on the merits. *Id.* at 2. Defendants responded only to clarify that three AAGs are not assigned to this case—only one AAG as primary counsel, one as backup, and a paralegal. Dkt. 49.

ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL - 2

## II. DISCUSSION

There is no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved" when assessing whether there are exceptional circumstances warranting appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygdant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither factor is dispositive and "must be viewed together before reaching a decision on request of counsel[.]" *Id.*

Exceptional circumstances may exist where the litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases of their claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004) (appointing counsel where case was unusually complex due to case law and litigant's circumstances), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S. 1128 (2005). While "any pro se litigant certainly would be better served with the assistance of counsel," a litigant requesting counsel must show more than that benefit. *Rand*, 113 F.3d at 1525. They must show that they are unable to articulate their position because of the complexity of their claims. *See id*.

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the standard discussed above. While the Court appreciates Mr. D'allo's application for counsel and the information he has provided, he has not identified circumstances

rendering his case "exceptional" or of such complexity that warrants appointment of counsel. Although this Court found that Mr. D'allo met the threshold for proceeding *in forma pauperis*, *see* Dkt. 7–9, the case has not yet proceeded beyond the pleading stage. The Court granted Defendants' motion to quash Mr. D'allo's previous attempt at service of process and is now helping complete service for Mr. D'allo under Federal Rule of Civil Procedure 4(c)(3). But the Court did not evaluate Defendants' other arguments for dismissal on the pleadings, which they may raise in a later motion, so Mr. D'allo's argument that the case has "survived motions to dismiss" (Dkt. 43 at 2) or is likely to succeed on the merits is not correct.

Additionally, Mr. D'allo has filed successful objections to the Magistrate Judge's Report and Recommendation, and he was granted leave to cure defects in his due process and excessive force claims under 42 U.S.C. § 1983. Dkt. 6; Dkt. 7 at 12–13. Mr. D'allo then amended his complaint to add factual allegations to support his remaining claims, and this Court granted him leave to proceed IFP. Dkt. 8 at 2–4; Dkt. 9. Mr. D'allo has shown that he is able to file pleadings and motions in the case and explain the basis for his allegations. While Mr. D'allo may benefit from the assistance of legal counsel, he has not yet shown the case exhibits significant complexity, a likelihood of success on the merits, or that he is unable to articulate his claims. *See Agyeman* at 1103–04; *Rand*, 113 F.3d at 1525.

### III.   CONCLUSION

This case does not present extraordinary circumstances warranting the appointment of counsel. The Court therefore DENIES Mr. D'allo's motion (Dkt. 43). The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of May, 2025.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

_____
Tiffany M. Cartwright
United States District Judge