UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMJAE A. D'ALLO,

                  Plaintiff,

    v.

STEPHANIE MODRIJAN, et al.,

                  Defendant.

Case No. 3:24-cv-05325-TMC

ORDER ON PENDING MOTIONS

## I.    ORDER

This case arises from self-represented Plaintiff Timjae D'allo's allegations that while he was under community supervision by the Washington Department of Corrections, he was arrested without reasonable cause for supervision violations and was subjected to excessive force. Pending before the Court are nine motions filed by Mr. D'allo and one filed by Defendants. The Court will address each motion in turn.

### A.    Dkt. 109 – Plaintiff's Motion to Compel

This motion is DENIED IN PART and GRANTED IN PART. The scope of production sought by Mr. D'allo in his motion exceeds the scope of relevant and proportional discovery under Federal Rule of Civil Procedure 26(b)(1). But to the extent the individual defendants used personal devices or accounts to communicate about Mr. D'allo, they have an obligation to apply

ORDER ON PENDING MOTIONS - 1

the parties' previously-agreed search terms to those records and produce documents responsive to Mr. D'allo's RFP 2. *See* Fed. R. Civ. P. 34(a)(1)(A) (allowing requests for electronically stored information within "the responding party's possession, custody, or control"). Because Defendants' response does not state whether this occurred, Defendants are ordered to supplement their response to RFP 2 within 30 days to the extent they have additional responsive documents on personal devices or accounts.

**B.      Dkt. 111 – Plaintiff's Motion for Sanctions**

This motion is DENIED. The three video recordings identified in Defendants' initial disclosures have been produced. There is no basis for sanctions.

**C.      Dkt. 112 – Plaintiff's Motion for Partial Summary Judgment**

This motion is DENIED. Mr. D'allo has not addressed or met the standard for partial summary judgment under Federal Rule of Civil Procedure 56. He has not met his burden to show that there is no genuine dispute as to any material fact regarding claims for which he bears the burden of proof. *See* Fed. R. Civ. P. 56(a). Nor has he supported his factual arguments with the type of evidence required by Rule 56(c)(1). Finally, Mr. D'allo also has not met the standard for an adverse inference instruction or default judgment under Federal Rule of Civil Procedure 37(e)(2) because he has not put forth any actual evidence to demonstrate that interior video surveillance footage existed, was destroyed, or was done so with the intent to deprive him of its use in this litigation.

**D.      Dkt. 114 – Plaintiff's Motion for Relief**

This motion is DENIED. The Court's order dismissing Mr. D'allo's state law claims on November 3, 2025 (Dkt. 91) was based on Mr. D'allo's failure to comply with his obligations under RCW 4.92.110 before filing this lawsuit, not any representations the State of Washington made as to how it handled the tort claim he filed later.

ORDER ON PENDING MOTIONS - 2

**E.      Dkt. 115 – Plaintiff's Motion for Order to Show Cause**

This motion is DENIED. The Court's order dismissing Mr. D'allo's state law claims on November 3, 2025 (Dkt. 91) was based on Mr. D'allo's failure to comply with his obligations under RCW 4.92.110 before filing this lawsuit, not any representations the State of Washington made as to how it handled the tort claim he filed later. There is no basis for this Court to inquire further as to how the State processed the later tort claim. The denial of that tort claim was not material to the Court's decision, and the state law claims are no longer at issue in this litigation.

**F.      Dkt. 116 – Plaintiff's Motion for Sanctions**

This motion is DENIED. The Court's order dismissing Mr. D'allo's state law claims on November 3, 2025 (Dkt. 91) was based on Mr. D'allo's failure to comply with his obligations under RCW 4.92.110 before filing this lawsuit, not any representations the State of Washington made as to how it handled the tort claim he filed later. There is no basis for this Court to impose sanctions based on how the State processed the later tort claim. The state law claims are no longer at issue in this litigation.

**G.      Dkt. 117 – Plaintiff's Motion to Compel**

This motion is GRANTED IN PART and DENIED IN PART. Defendants shall supplement their response to Mr. D'allo's second RFP 1 (from his November 5, 2025 requests) to include (1) any remaining video of Plaintiff's visit to the Tacoma Community Justice Center on November 15, 2023, whether direct or indirect; (2) any applicable video retention policies; and (3) any communications about "retrieval, preservation, review, or deletion of footage" from November 15, 2023. To the extent no responsive documents exist, Defendants shall explain that in their supplemental response. The motion is otherwise denied. While much of the information Mr. D'allo seeks in this motion could be discoverable by other means (such as through taking a deposition by oral examination under Rule 30, taking a deposition through written questions

ORDER ON PENDING MOTIONS - 3

under Rule 31, serving interrogatories under Rule 33, or conducting an inspection of the site under Rule 34), it is not information that Defendants were obligated to produce in response to his requests for document production.

**H.      Dkt. 118 – Plaintiff's Motion for Judicial Determination of Material Misrepresentations**

This motion is DENIED. The Court finds there is no need for judicial inquiry beyond what the Court has ordered in response to Mr. D'allo's motions to compel. Mr. D'allo has other means of conducting discovery to obtain the information he seeks. It is not the responsibility of the Court to conduct that discovery for him.

**I.      Dkt. 130 – Defendants' Motion to Compel and Amend Initial Disclosures**

This motion is GRANTED IN PART and DENIED IN PART. The Court orders as follows:

1.      Plaintiff and defense counsel must meet and confer within 7 days to reach agreement on tailoring this Court's model protective order to the needs of this case. If the parties cannot reach agreement, the Court will adopt the version filed by Defendants at Dkt. 130-1. Defendants shall file the proposed protective order as a same-day motion.

2.      Plaintiff must provide full and complete supplemental responses to Defendants' Interrogatories 1, 3, 5, 11, 12, 13, and 19, and RFPs 3, 4, 5, 6, and 7 no later than March 13, 2026.

3.      Defendants shall submit unredacted copies of Defendants' personnel files to the Court for *in camera* review within 7 days of this Order.

**J.      Dkt. 139 – Plaintiff's Motion for Order to Show Cause**

This motion is DENIED. Defendants have shown good cause for seeking *in camera* review of their personnel files before production, notwithstanding the January 23, 2026 deadline previously imposed by the Court. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, [or] oppression . . .

ORDER ON PENDING MOTIONS - 4

including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.").

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PENDING MOTIONS - 5