UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMJAE A. D'ALLO,

                  Plaintiff,

    v.

STEPHANIE MODRIJAN, et al.,

                  Defendants.

Case No. 3:24-cv-05325-TMC

ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE

## I.   INTRODUCTION

Self-represented Plaintiff Timjae D'allo alleges that while he was under community supervision by the Washington Department of Corrections, he was arrested without reasonable cause or notice for supervision violations and was subjected to excessive force. *See* Dkt. 10. He now moves under Federal Rule of Evidence 702 to exclude the testimony of Defendants' expert Mario A. Paparozzi, Ph.D. Dkt. 156. Because the proponents of Dr. Paparozzi's testimony have failed to establish that it is either relevant or reliable, the Court GRANTS Mr. D'allo's motion. Dr. Paparozzi's testimony is excluded from trial.

## II.   BACKGROUND

This case arises from Mr. D'allo's allegations that (1) in April 2023, he was arrested for supposed violations of his community custody without probable cause and punished without

ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE - 1

notice and opportunity to be heard, violating his due process rights; and (2) in November 2023, he was subjected to excessive force when arrested for an alleged community custody violation. *See* Dkt. 128 at 4–6. The case is scheduled for trial on October 26, 2026. Dkt. 161.

On January 26, 2026, Defendants disclosed Mario A. Paparozzi, Ph.D. as a retained expert. Dkt. 166 at 3–4. The disclosure included an expert report. *Id.* at 37–55. The report has four sections: Dr. Paparozzi's qualifications, *id.* at 37–38; a list of documents he reviewed, which includes statutes and case law, *id.* at 38–44; a "summary of facts and opinions," *id.* at 44–51; and a "conclusion" that provides his ultimate opinions, *id.* at 51–55. In the "summary of facts and opinions," Dr. Paparozzi recites at length from the details of Mr. D'allo's juvenile and adult criminal history, stating that this is part of the "totality of circumstances" that must be considered to determine whether excessive force was used in Mr. D'allo's arrest in November 2023. *See id.* at 44. This recitation includes sweeping statements such as that Mr. D'allo "spent most of his juvenile and young adult years incarcerated," accusations of "reported" gang affiliations, and details of the underlying offense that led to Mr. D'allo's supervision by the Washington Department of Corrections (DOC). *See id.* at 44–45. None of these statements contain a citation to their source, so it is impossible for the Court to evaluate their reliability.

Dr. Paparozzi then "summarizes" Mr. D'allo's time on supervision, providing a long list of proffered facts about Mr. D'allo's compliance and violations. *Id.* at 46–51. This summary sometimes includes Dr. Paparozzi's characterization of events, such as that Mr. D'allo "voiced his displeasure" about certain conditions of supervision, or that he "insinuated" things, but it again does not include a citation to any underlying source material. *See id.*

Based on this summary, the opinions that Dr. Paparozzi offers include the following:

- "the amount of force used was not excessive"

ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE - 2

- "D'allo, at all times during his arrest, exhibited unnecessary, aggressive, and assaultive behavior"

- "D'allo also made several verbal threats to the CCOs arresting and transporting him to the Tacoma General Hospital and subsequently to the Nisqually Tribal jail"

- "For the entire time that D'Allo was serving the community custody portion of his sentence . . . he was not unaware of nor was he deprived of his rights"

- "DOC at all times appropriately enforced the conditions of D'Allo's community custody"

- "DOC did not use excessive force against D'Allo at any time"

- "During his community custody supervision, D'Allo made no efforts to obtain sex offender treatment"

- "During D'Allo's term of community custody, he tested the limits of acceptable behavior on several occasions"

*Id.* at 51–55.

Mr. D'allo now moves to exclude Dr. Paparozzi's testimony under Federal Rules of Evidence 702 and 403. Dkt. 156. He argues that Dr. Paparozzi's opinions are "not a neutral application of expertise to facts using reliable methodology." *Id.* at 1. Instead, he contends that Dr. Paparozzi "[o]ffers legal conclusions reserved to the Court"; opines "on constitutional and statutory standards"; "[a]dopts Defendants' disputed factual narrative as true"; "opines on credibility"; and "injects extensive and highly prejudicial character evidence unrelated to the discrete constitutional questions at issue." *Id.* His motion correctly cites Ninth Circuit precedent prohibiting expert witnesses from offering legal conclusions or instructing the jury on the law. *See id.* (citing *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)). He ultimately argues that Dr. Paparozzi's proffered testimony does not assist the trier of fact and invades the province of both the court and the jury, and he asks that the Court exclude the testimony entirely. *See id.* at 2–3.

ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE - 3

Defendants filed a one-page response. Dkt. 164. That response says in full:

> Mr. D'allo's Motion to Exclude or, in the Alternative, Limit Defendants' Proposed Expert Testimony of Mario A. Paparozzi, Ph.D. ("Daubert Motion," Dkt. 156) should be denied. Under Fed. R. Evid. 702, expert testimony is admissible if it will assist the trier of fact and is based on sufficient facts and reliable principles. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Dr. Paparozzi's opinions meet that standard.
>
> Dr. Paparozzi is qualified in community corrections and applies his experience to supervision practices, including electronic monitoring, responses to violations, and use of force. His testimony provides context outside common experience and will assist the jury.
>
> Mr. D'allo's arguments under Rules 403 and 404 do not warrant exclusion. His arguments go to weight, not admissibility, and are properly addressed through cross-examination. *See id.*, at 596. In sum, Dr. Paparozzi's testimony satisfies Rule 702 and so the *Daubert* Motion should be denied.

Dkt. 164 at 1. The response does not discuss the substance of Dr. Paparozzi's opinions, engage with Mr. D'allo's arguments, or address the applicable case law cited in the motion.

### III.    LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. The "Rule provides that, before admitting expert testimony, the district court must perform a gatekeeping role to ensure that the [proffered] testimony is both relevant and reliable." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025) (alterations in original). The Ninth Circuit recently confirmed that the "proponent of expert testimony must always establish the admissibility criteria of Rule 702 by a preponderance of the evidence and that there is no presumption in favor of admission." *Id.* at 1049. "Generally, an inquiry under Rule 702 examines the expert's testimony as a whole." *United States v. W. R. Grace*, 504 F.3d 745, 762 (9th Cir. 2007).

Before a witness may come "before the jury cloaked with the mantle of an expert," the Ninth Circuit has cautioned that "care must be taken to assure that a proffered witness truly qualifies as an expert, and that such testimony meets the requirements of Rule 702." *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir.), *opinion amended on denial of reh'g,* 272

ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE - 4

F.3d 1289 (9th Cir. 2001). Expert testimony is relevant if it "will help the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms., Inc. ("Daubert I")*, 509 U.S. 579, 591 (1993) (citing Fed. R. Evid. 702(a)); *see also Daubert v. Merrell Dow Pharmaceuticals ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995) (relevant evidence is that which "logically advances a material aspect of the proposing party's case"), *cert. denied*, 516 U.S. 869 (1995). Expert testimony is reliable if it is "based on sufficient facts or data," "is the product of reliable principles and methods," and "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(b)–(d).

## IV.    DISCUSSION

As the Ninth Circuit has instructed, "a proponent of expert testimony must always establish the admissibility criteria of Rule 702 by a preponderance of the evidence" and "there is no presumption in favor of admission." *Engilis*, 151 F.4th at 1049. Defendants are the proponents of Dr. Paparozzi's testimony. They have failed to meet this burden.

Mr. D'allo's motion raises serious arguments about the admissibility of Dr. Paparozzi's testimony. First, he correctly points out that many of Dr. Paparozzi's opinions are legal conclusions. While expert testimony may embrace an ultimate issue to be decided by the trier of fact, *see* Fed. R. Evid. 704, the expert "cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide*, 523 F.3d at 1058 (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). Second, he argues that Dr. Paparozzi's opinions are unreliable because he simply recites Defendants' version of events as fact. While an expert may base their opinion on certain factual assumptions, the Court must also examine whether "the testimony is based on sufficient facts or data." Fed. R. Evid. 702(b). The "key inquiry" is "whether an expert had sufficient factual grounds on which to draw

ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE - 5

conclusions." *Engilis*, 151 F.4th at 1051 (quoting *Hyer v. City & Cnty. of Honolulu*, 118 F.4th 1044, 1056 (9th Cir. 2024)). But because Dr. Paparozzi's report does not contain any citations for the factual assertions it offers, there is simply no way for the Court to conduct this inquiry. Third, Mr. D'allo argues that Dr. Paparozzi opines on witness credibility. "Testimony regarding another witness's credibility is inadmissible." *United States v. Betancourt-Betancourt*, 39 F. App'x 483, 485 (9th Cir. 2002) (citing *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989)).

In response to these arguments, Defendants offer nothing more than a conclusory assertion that their expert meets the requirements of Rule 702. Dkt. 164. This is insufficient to meet their burden of establishing admissibility as the proponent of the expert. *See Engilis*, 151 F.4th at 1049. The Court will therefore exclude Dr. Paparozzi's testimony.

### V.    CONCLUSION

For the reasons explained above, Plaintiff's motion to exclude (Dkt. 156) is GRANTED. The testimony of Mario Paparozzi is excluded under Federal Rule of Evidence 702.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of June, 2026.

Tiffany M. Cartwright
United States District Judge